IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:93-CR-123-BO-1
No. 5:18-CV-342-BO

| | |
|---|---|
| GERALD FELTON, )<br>  Petitioner, )<br>  )<br>v. )<br>  )<br>UNITED STATES OF AMERICA, )<br>  Respondent. ) | ORDER |

This cause comes before the Court on petitioner's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [DE 246]. Respondent has moved to dismiss the Section 2255 petition. [DE 254]. Petitioner has also filed a motion for clarification of certain documents. [DE 258]. These matters are ripe for disposition. For the reasons discussed below, respondent's motion to dismiss [DE 254] is GRANTED, petitioner's Section 2255 motion [DE 246] is DISMISSED, and petitioner's motion for clarification [DE 258] is DENIED AS MOOT.

## BACKGROUND

In 1994, petitioner pleaded guilty, pursuant to a written plea agreement, to continuing criminal enterprise in violation of 21 U.S.C. § 848. [DE 246-1, p. 27–32]. He was sentenced to life imprisonment. [DE 251, p. 26]. Petitioner appealed and the Fourth Circuit affirmed his sentence. [DE 62, p. 5]. Since 1994, petitioner has filed numerous unsuccessful challenges to his sentence, including previous motions under 28 U.S.C. § 2255. [DE 8; 24; 28; 33; 62, p. 6; 65; 66; 79].

In July 2018, petitioner filed the instant Section 2255 motion. [DE 246]. Petitioner makes an array of arguments, claiming that (1) the offense to which petitioner pleaded guilty is "void for vagueness," (2) defense counsel refused to "challenge the indictment," (3) petitioner's "acceptance

of responsibility" was not considered as a mitigating factor at sentencing, and (4) petitioner's sentencing guideline range was miscalculated. [DE 246, p. 4–7]. Respondent moved to dismiss the Section 2255 petition under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. [DE 254]. Petitioner responded in opposition to the motion to dismiss. [DE 257]. Petitioner also filed a motion under 28 U.S.C. § 2244 before the Fourth Circuit requesting an order authorizing the Court to consider a successive Section 2255 petition, and the Fourth Circuit denied the motion. [DE 258-3, p. 1].

Petitioner has also filed a motion for clarification of four documents: (1) the Court's prior order denying without prejudice letter-motions that petitioner wrote to the Court with his proposals for criminal justice reform [DE 242], as the relief requested could only be obtained via a Section 2255 motion; (2) a letter informing the U.S. Attorney's Office that a Section 2255 motion had been filed [DE 247], (3) an order directing the U.S. Attorney's Office to respond to petitioner's Section 2255 motion [DE 248]; and (4) a Rule 12 letter sent to petitioner following the government's motion to dismiss [DE 256]. [DE 258]. Petitioner's motion is effectively using this motion to seek permission from the Court to file what he concedes is a successive petition. [DE 258, p. 1].

DISCUSSION

The government argues that petitioner's Section 2255 petition must be dismissed because it is an unauthorized successive petition. [DE 243, p. 2]. Federal habeas petitioners are generally permitted only one Section 2255 motion. 28 U.S.C. § 2255(h). As such, under Federal Rule of Civil Procedure 12(b)(1), federal courts lack subject-matter jurisdiction to hear successive petitions. *United States v. Winestock*, 340 F.3d 200, 204–05 (4th Cir. 2003); *see also In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999). There are, however, some exceptions. If the first petition was not decided on the merits, for example, the second petition is not improperly

successive. *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000). Or if the second petition is based on the intervening vacatur of a conviction used to enhance the petitioner's sentence, it is not improperly successive. *United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014).

Petitioner has not shown that any of the exceptions to 28 U.S.C. § 2255(h) are applicable to his petition. Of his many claims, the only ones which were potentially once actionable arise in connection with petitioner's indictment and sentencing hearing. But it has been more than twenty-four years since those events, and petitioner has unsuccessfully raised his claims previously, both on direct review and collateral review. Petitioner cites the Supreme Court's decision in *Rosales-Mireles v. United States*, 138 S. Ct. 1897 (2018), to argue that his petition is not improperly successive. He argues that *Rosales-Mireles* is a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." [DE 257, p. 6]; 28 U.S.C. 2255(h). But the Court need not consider whether *Rosales-Mireles* permits petitioner to evade the bar on successive petitions because petitioner has not alleged sufficient facts to demonstrate that *Rosales-Mireles* affects his sentence.

In *Rosales-Mireles*, the defendant pleaded guilty to illegal reentry and was sentenced to 78 months' imprisonment. *Rosales-Mireles*, 138 S. Ct. at 1905. In the defendant's presentence investigation report, the Probation Office mistakenly double-counted a previous conviction, resulting in defendant's guideline range being increased. *Id.* On direct appeal, defendant challenged this error. *Id.* The Supreme Court held "a miscalculation of the United States Sentencing Guidelines range, that has been determined to be plain and to affect a defendant's substantial rights, calls for a court of appeals to exercise its discretion under Rule 52(b) to vacate the defendant's sentence." *Id.* at 1903. Petitioner has not sufficiently alleged that any plain error was made in the calculation of his sentencing range. Rather, his arguments concerning the

3

calculation of his guideline range arise from the fact that the "evidence used to determine the amount of drugs [attributed to the petitioner] was inherently unreliable." [DE 257, p. 11]. Petitioner has not demonstrated anything resembling the "plain error" that the *Rosales-Mireles* Court was concerned with on direct appeal which would give the Court jurisdiction to vacate petitioner's sentence on collateral review. Thus, none of the exceptions to 28 U.S.C. § 2255(h) are applicable. Petitioner's Section 2255 petition is improperly successive and must be dismissed.

Petitioner's motion for clarification is an attempt to press his Section 2255 petition. Previously, the Court dismissed without prejudice his letter-motions concerning his proposals for criminal justice reform, noting that the Section 2255 petition was the proper vehicle for the relief sought. [DE 242]. This did not mean, however, that a future Section 2255 petition would be successful. The remaining documents that petitioner requests clarification on are administrative docket entries giving the parties notice of filings. As the motion for clarification concerns a motion under Section 2255 that the Court does not have jurisdiction to consider, it must be denied as moot.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

CONCLUSION

For the above reasons, respondent's motion to dismiss [DE 254] is GRANTED, and petitioner's Section 2255 motion [DE 246] is DISMISSED. Petitioner's motion for clarification [DE 258] is DENIED AS MOOT. A certificate of appealability is DENIED.

SO ORDERED, this __7__ day of October, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE